UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SVETLANA ZAZOVSKAYA, on behalf of herself and all others similarly situated, | **CIVIL ACTION** |
| Plaintiff, | **CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |
| -against- | |
| PROFESSIONAL CLAIMS BUREAU, INC., | |
| Defendant. | |

Plaintiff SVETLANA ZAZOVSKAYA (hereinafter, "Plaintiff"), a New York resident,

brings this action complaint by and through her attorney, Cohen & Mizrahi LLP, against Defendant

PROFESSIONAL CLAIMS BUREAU, INC. (hereinafter "Defendant"), individually and on

behalf of a class of all others similarly situated, pursuant to Fed. R. Civ. P. 23, based upon

information and belief of Plaintiff's counsel, except for allegations specifically pertaining to

Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C.

§ 1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute

to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions

of individual privacy."  *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect

consumers," and that "the effective collection of debts" does not require "misrepresentation or

other abusive debt collection practices."  15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive

debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e).  After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act.  *Id*.; § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6.      Defendant's actions violated § 1692 *et seq.* of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7.      Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8.      Plaintiff is a natural person and a resident of the State of New York in the County of Kings and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9.      Defendant operates as a debt collection agency with an office located in Hicksville, New York.

10.      Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to another.

11.    Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. §
1692a(6).

## CLASS ALLEGATIONS

12.    Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23, individually and on behalf
of the following nationwide consumer class (the "Class"):

   a.  All New York consumers from whom Defendant improperly threatened to not
       communicate a disputed debt as disputed in violation of 15 U.S.C. §1692 *et seq*.

   b.  The Class period begins one year to the filing of this action.

13.    The Class satisfies all the requirements of Fed. R. Civ. P. 23 for maintaining a class
action:

   a.  Upon information and belief, the Class is so numerous that joinder of all
       members is impracticable because there are hundreds and/or thousands of
       persons whom Defendant has improperly denied the right to dispute a debt, in
       violation of specific provisions of the FDCPA.

   b.  There are questions of law and fact which are common to the Class and which
       predominate over questions affecting any individual Class member.  These
       common questions of law and fact include, without limitation:

      i.  Whether Defendant violated various provisions of the FDCPA;

      ii.  Whether Plaintiff and the Class have been injured by Defendant's
           conduct;

      iii.  Whether Plaintiff and the Class have sustained damages and are
            entitled to restitution as a result of Defendant's wrongdoing and if
            so, what is the proper measure and appropriate statutory formula to
            be applied in determining such damages and restitution; and

iv.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

c.   Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.   Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e.   Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

f.   A Class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.   A Class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

h.   Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief

4

with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO SVETLANA ZAZOVSKAYA

14.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.    Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

16.    Defendant was attempting to collect on Plaintiff's purportedly overdue account allegedly owed to North Shore-LIJ Medical Group in the amount of $448.00 (the "Debt").

17.    On or about May 22, 2018, Plaintiff received a debt collection letter from Defendant regarding the alleged Debt.

18.    On or about May 30, 2018, Plaintiff, with her translator, called Defendant to inquire about and dispute the alleged Debt.

19.    A representative of Defendant answered the telephone and Plaintiff stated that she wanted to dispute the Debt.

20.    Defendant's representative stated that Plaintiff could not dispute the Debt because hospital debts cannot be disputed.

21.    Instead of simply accepting the dispute, the Defendant's representative stated that Plaintiff could not dispute the debt.

22.    Defendant failed/refused to accept and investigate Plaintiff's dispute.

23.    Based on the foregoing, Defendant violated various provisions of the FDCPA.

### First Count
### 15 U.S.C. §1692e
### False and Misleading Representations

24.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered

"1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of a debt.

26.     The FDCPA allows the consumer to orally dispute a debt.  See, *Brady v. The Credit Recovery Company, Inc*., 160 F.3d 64 (1st Cir. 1998)(The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time); *Register v. Reiner, Reiner & Bendett, P.C.*, 488 F.Supp.2d 143 (D.Conn. 2007); *Vega v. Credit Bureau Enters*., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); *Nasca v. GC Servs. Ltd. P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); *In re Risk Mgmt. Alternatives, Inc*., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); *Castro v. ARS Nat'l Servs., Inc*., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Ong v. Am. Collections Enter*., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999).

27.     Defendant is required to accept Plaintiff's oral dispute over the telephone.  *Hooks v. Forman, Holt, Eliades & Ravin, L.L.C.*, 717 F.3d 282 (2d Cir. 2013); *Abramov v. I.C. Sys., Inc.*, 54 F. Supp. 3d 270 (E.D.N.Y. 2014).

28.     The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.  See, *Castro v. ARS National Servs., Inc*., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *DeSantis v. Computer Credit, Inc*., 269 f.3d 159 (2nd Cir. 2001).

29.     A consumer's right to dispute a debt even without a valid reason is clearly conferred by the FDCPA.  See, *Hoffman v. Partners in Collections, Inc.*, No. 93 C 4182, 1993 WL 358158,

at *4 (N.D. Ill. Sept. 14, 1993).

30.     Defendant failed to accept Plaintiff's oral dispute.

31.     After Plaintiff's attempt to dispute the Debt, Defendant continued to assume that Plaintiff's Debt was still valid.

32.     Plaintiff's oral dispute overcomes Defendant's assumption of the validity of the Debt.

33.     Defendant unilaterally denied Plaintiff's oral dispute and only offered a settlement.

34.     Defendant violated § 1692e by not accepting Plaintiff's dispute over the telephone.

35.     Defendant further violated § 1692e by requiring a reason for the dispute.

36.     Defendant even further violated § 1692e by unilaterally deciding that the dispute was not valid.

37.     Upon information and belief, Defendant and its employees, as a matter of procedural practice and pattern never intended to follow through with the validation rights they purportedly provide in the initial communication.

38.     Upon information and belief, Defendant and its employees, intentionally denied Plaintiff her dispute rights afforded to her under the FDCPA.

39.     Upon information and belief, Defendant and its employees wrongfully failed to accept Plaintiff's oral dispute.

40.     Upon information and belief, Defendant and its employees, wrongfully implied to Plaintiff that a dispute needs to be deemed valid in order for it to be considered a dispute.

41.     Upon information and belief, Defendant and its employee, by intentionally denying Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

42.    Defendant's employees who spoke with Plaintiff intended to speak said words to Plaintiff.

43.    The acts and omissions of Defendant and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

44.    Upon information and belief, Defendant and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by Defendant purportedly in the validation notice.

45.    As an actual and proximate result of the acts and omissions of Defendant and its employees, Plaintiff has suffered actual damages and injury, including, without limitation, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury at trial.

**Second Count**
**15 U.S.C. § 1692e(8)**
**Failure to Communicate that a Disputed Debt is Disputed**

46.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47.    Defendant failed to accept Plaintiff's oral dispute.

48.    Upon information and belief, by failing to accept Plaintiff's dispute, Defendant also failed to report that the Debt was disputed to third parties, such as the current creditor and any Credit Reporting Agency.

49.    Such failure is a violation of 15 U.S.C. § 1692e(8).

50.   Defendant's failures were intentional and willful.

51.   Plaintiff suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Cohen & Mizrahi LLP as Class Counsel;

(b)   Awarding Plaintiff and the Class statutory damages;

(c)   Awarding Plaintiff and the Class actual damages;

(d)   Awarding Plaintiff and the Class costs of this action, including reasonable attorneys' fees and expenses;

(e)   Awarding pre-judgment interest and post-judgment interest; and

(f)   Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   Brooklyn, New York
         June 26, 2018

By: /s/ *Daniel A. Louro*
Daniel A. Louro, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th Floor
Brooklyn, New York 11201
Phone: (929) 575-4175
Fax:    (929) 575-4195
Email: dlouro@cml.legal
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel A. Louro*
Daniel A. Louro, Esq.

Dated:   Brooklyn, New York
         June 26, 2018

9